IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01248-BNB

PAUL MICHAEL HARLAND,

    Applicant,

v.

TRAVIS TRANI,
WARDEN, Ordway Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Paul Michael Harland, is a prisoner in the custody of the Colorado Department of Corrections at the Arkansas Valley Correctional Facility in Ordway, Colorado. Pursuant to the Court's Order to Cure Deficiencies, Applicant has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and paid the $5 filing fee.

    The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

    The Court has reviewed the Application submitted on June 17, 2014, and finds that it is deficient. Applicant will be directed to file an Amended Application for the

following reasons.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Applicant go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Applicant must identify the constitutional violation in each claim he seeks to raise and state the specific facts to support the alleged violation.

The Application also does not comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Although Applicant has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application.

The Court, therefore, will direct Applicant to file an Amended Application that complies with the pleading requirements of Rule 8 and that identifies the constitutional violation in each claim he seeks to raise and states the specific facts to support the

alleged violation in the Claims section of the application form.  It is Applicant's responsibility to present his claims in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant shall file an Amended Application that complies with this Order.  It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2254 Application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  Applicant must use the Court-approved form to file an Amended Application.  It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed, the action will be dismissed without further notice.

DATED June 19, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge