IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.14-cv-01248-BNB

PAUL MICHAEL HARLAND,

    Applicant,

v.

TRAVIS TRANI,
WARDEN, Ordway Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

## ORDER DISMISSING CASE

---

    Applicant, Paul Michael Harland, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.  Applicant initiated this action by filing a Letter stating he desired to file a habeas action challenging his state criminal case, Case No. 03CR2876.  Applicant also asked for a stay of any habeas proceeding challenging his criminal case so that he may pursue a Colo. R. Crim. P. 35(a) in state court.  On May 1, 2014, Magistrate Judge Boyd N. Boland entered an order that stated  Applicant must have an action pending in this Court for any request to be considered and that construed this action as filed pursuant to 28 U.S.C. § 2254.  Applicant was directed to use a Court-approved form to file his claims and to submit a request for leave to

proceed pursuant to § 1915.  Applicant further was directed that he could pay the $5 filing fee if he desired rather than submit a § 1915 request.  Applicant complied with the May 1 Order.  Magistrate Judge Boland reviewed the Application, found that Applicant had failed to comply with Fed. R. Civ. P. 8 because he failed to identify the constitutional violation in each claim he seeks to raise and state the specific facts to support the alleged violation, and directed Applicant to file an Amended Application.

On July 9, 2014, Applicant filed a Request for an extension of time to amend the Application.  In the Request, Applicant noted that he needed an extension of time to file his "35(c) issues."  Magistrate Judge Boland denied the Request for lack of just cause.  Subsequently, on July 16, 2014, Applicant filed a Motion for Stay or Request to Withdraw Present Action, ECF No. 18.  In the Request, Applicant indicates that he is concerned that he is not time-barred in filing a § 2254 habeas action in this Court.  Applicant states that because he has additional postconviction claims to file in state court he is electing to dismiss this action at this time to pursue those claims and once he has pursued the new claims he will file a § 2254 action that includes all of his direct appeal and postconviction claims.  Applicant asks that the Court stay this action while he completes all lower court issues or allow him to withdraw the action.

The United States Supreme Court has found that an applicant could preserve the timeliness of an application by requesting that the court issue a stay and abeyance while he continues to pursue his unexhausted claims in state court.  *See Pliler v. Ford*, 542 U.S. 225 (2004) (O'Connor J., concurring).  A stay and abeyance, however, is only available in limited circumstances.  *Rhines v. Webster*, 544 U.S. 269, 277 (2005). Applicant must establish "good cause" for his failure to first exhaust the claims in state

court.  *Rhines*, 544 U.S. at 277.  For the following reasons, a stay and abeyance of this case is not proper.

The time during which a proper postconviction is pending in state court is tolled for the purposes of 28 U.S.C. § 2244(d).  *See Habteselassie v. Novak*, 209 F.3d 1208 (10th Cir. 2000); 28 U.S.C. § 2244(d)(2).  Applicant states that he has five months left on the one-year time limitation to file a § 2254.  Applicant also states that he will be filing a Colo. R. Crim. P. 35(c) postconviction motion in the next ten to fourteen days in state court.  Based on Applicant's assertions, and § 2244(d)(2), no basis exists for staying the instant action until Applicant has exhausted his state court remedies with respect to all of his claims.

Because the Court finds no basis for staying the action, Applicant's Motion to Withdraw Present Action is construed as a Notice of Voluntary Dismissal.  Rule 41(a)(1)(A) provides that "the [applicant] may dismiss an action without a court order by filing: (I) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . ."  No answer on the merits or motion for summary judgment has been filed by Respondents in this action.  Further, a voluntary dismissal under Rule 41(a)(1)(A)(I) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary.  *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).  The Court, therefore, construes the Notice of Voluntary Dismissal filed pursuant to Rule 41(a)(1)(A)(I).  The file will be closed as of July 16, 2014, the date the Notice was filed with the Court.  *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Motion for Stay, ECF No. 18, is denied for lack of good cause. It is

FURTHER ORDERED that the Motion to Withdraw Present Action < ECF No. 18, is construed as a Notice of Voluntary Dismissal filed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(I) and is effective as of July 16, 2014, the date Applicant filed the Notice in this action. It is

FURTHER ORDERED that the action is dismissed without prejudice.

DATED   July 22, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court